UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

                CIVIL ACTION
                NO.

**FOSS MARITIME COMPANY**

        **Plaintiff,**                **IN ADMIRALTY**

vs.

**WILLIAM RAYDER**
        **Defendant**

### PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §2201, et. seq. and Rule 57

Plaintiff, Foss Maritime Company, alleges:

### JURISDICTION

1. This is an action for declaratory judgment pursuant to 28 U.S.C.A. §§ 2201 to 2202 brought for the purpose of determining a question in actual controversy between the parties, namely Plaintiff, Foss Maritime Company's obligation, if any, to pay for maintenance and cure, for which Defendant, William Rayder, has demanded from Plaintiff vessel owner under the doctrine of maintenance and cure, and is an admiralty and maritime dispute within the meaning of Fed. R. Civ. P. 9(h) and the Court.

2. Plaintiff seeks declaratory relief on Defendants' admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

## PARTIES

3. The Plaintiff, Foss Maritime Company (hereinafter referred to as "Foss Maritime"), is and was at all material times a company duly organized under the laws of the State of Washington, with a principal office located in Seattle, Washington.

4. Foss Maritime is now and was the owner of the Tug SIDNEY FOSS (U.S.C.G. No. 578098) in December, 2014.

5. Upon information and belief, the Defendant, William Rayder (hereinafter referred to as "Rayder") resides within this District and was a member of the crew of the Tug SIDNEY FOSS in December, 2014.

## FACTS

6. Upon information and belief, Rayder received medical treatment for back and left leg pain prior to September, 2014.

7. On September 9, 2014, Rayder completed and signed Foss Maritime's Physical Examination Form, a United States Department of Homeland Security Coast Guard 719K Form and an OSHA Respirator Medical Evaluation Questionnaire.

8. Rayder indicated in all three [3] forms that he did not have nor ever had back pain, back injury, back surgery or sciatic pain.

9. Rayder signed the "Applicant Certification" of the Coast Guard 719K Form and confirmed under 18 U.S.C. 1001 that all of the information he provided was true and correct to the best of his knowledge and that he did not knowingly omit to report any material information relevant to the form.

3

10. Foss Maritime relied on Rayder's Physical Examination Form in making its decision to hire him as an employee and as a crewmember onboard the Tug SIDNEY FOSS.

11. Upon information and belief, Rayder has asserted that on or about December 11, 2014 he sustained a back injury while he was a crewmember serving onboard the Tug SIDNEY FOSS en route from Seattle, WA to Shanghai, China.

12. Upon information and belief, on December 15, 2014 and upon the Tug SIDNEY FOSS's arrival in Shanghai, Rayder took a launch to and from shore to receive medical care.

13. Upon information and belief, on December 19, 2014, Rayder was again taken ashore and repatriated from Shanghai to his home.

14. Foss Maritime has paid Rayder's medical expenses from the date of his alleged injury and unearned wages through the end of the voyage on February 2, 2015.

15. Upon information and belief, on December 31, 2014, Rayder's treating physician found and reported that his present back condition is unchanged from July, 2014, which was prior to his employment with Foss Maritime.

16. Upon information and belief, Rayder requests that Foss Maritime continue maintenance payments and pay his medical expenses, including back surgery, associated with his back condition.

## COUNT I
## ACTION FOR DECLARATORY RELIEF ON OBLIGATION TO PAY MAINTENANCE AND CURE

17. Foss Maritime reiterates and realleges its allegations contained in Paragraph Nos. 1-16 inclusive and incorporates same as if fully set forth herein.

18. A seaman's employer is entitled to investigate a seaman's claim for maintenance and cure benefits.

19. A seaman's employer is allowed to rely on certain legal defenses to deny the seaman's claims for maintenance and cure benefits, including the defense that the allegedly injured seaman willfully concealed a preexisting medical condition(s) from his employer.

20. Upon information and belief, Rayder received medical treatment for back and left leg pain prior to his employment with Foss Maritime.

21. On September 9, 2014, Rayder completed Foss Maritime's Physical Examination Forms and denied ever having any back pain, back injury, back surgery or sciatic pain.

22. Rayder made multiple misrepresentations and fraudulent entries on Foss Maritime's Physical Examination Form.

23. Foss Maritime relied on Rayder's representations concerning his health in his Physical Examination Form in making its decision to hire him as an employee and as a crewmember onboard the Tug SIDNEY FOSS.

24. Upon information and belief, Rayder's present back condition is unchanged from his back condition prior to his employment with Foss Maritime.

5

25. Foss Maritime seeks a declaration from this Court that Rayder willfully concealed his preexisting back condition when expressly questioned about such a medical condition by the medical examiner prior to his employment.

26. Foss Maritime also seeks a declaration from this Court that Foss Maritime is not obligated to pay maintenance and cure to Rayder for his alleged injury on December 11, 2014 due to his willful concealment of his preexisting back condition.

27. In the alternative, Foss Maritime seeks a declaration from this Court that its decision to deny Rayder maintenance and cure based upon his willful concealment of his preexisting injuries has a reasonable basis and is not arbitrary and capricious.

**WHEREFORE,** Plaintiff, Foss Maritime, Inc., prays that this Honorable Court enter judgment on Count I in favor of Plaintiff against Defendant, William Rayder, and enter an Order providing the following findings and relief:

a. That Rayder willfully concealed his preexisting back condition;

b. That Foss Maritime is not obligated to pay maintenance and cure to Rayder for his alleged back injury on December 11, 2014;

c. In the alternative, that Foss Maritime's decision to decline paying maintenance and cure was and now has a reasonable basis and is not arbitrary and/or capricious;

d. That Rayder return any and all monies paid to him or on his account since December 11, 2014 due to his misrepresentations to Foss Maritime;

6

e.  That Rayder reimburse Foss Maritime for all monies spent to repatriate and care for Rayder in China; and

f.  Any other such other relief as in law and justice it may be entitled to receive.

DATED at Boston, Massachusetts, this 5th day of March, 2015.

>Plaintiff,
>FOSS MARITIME COMPANY
>By its attorneys,
>**CLINTON & MUZYKA, P.C.**
>
>"/s/Thomas J. Muzyka"
>**Thomas J. Muzyka**
>**BBO NO: 365540**
>**Kirby L. Aarsheim**
>**BBO NO: 678774**
>88 Black Falcon Ave.
>Suite 200
>Boston, MA 02210
>(617)723-9165
>Fax: 617-720-3489
>Email:
>tmuzyka@clinmuzyka.com